## Case No. 14,598.

### UNITED STATES v. BITTINGER.

[15 Am. Law Reg. (N. S.) 49.]

District Court, W. D. Missouri. 1876.

OFFENCES AGAINST ADMINISTRATION OF JUSTICE—INFLUENCING OR IMPEDING WITNESS.

[1. A witness whom it is made a crime, by the first clause of Rev. St. § 5399, to endeavor, corruptly, or by threats or force, to influence, intimidate or impede, is one who has been designated by the United States attorney, or by a commissioner, as a witness, either by issuing a subpœna for him, or by indorsing his name on a complaint; and a case is pending in a court of the United States within the contemplation of the statute, when a complaint is lodged with a commissioner, charging a violation of the laws of the United States.]

[2. It is an offence under the statute to corruptly influence such a witness to secrete or so dispose of himself as to prevent service of process upon him.]

This was an indictment drawn under section 5399 of the Revised Statutes: "Every person who corruptly, or by threats or force, endeavors to influence, intimidate or impede any witness or officer in any court of the United States in the discharge of his duty, or corruptly or by threats or force obstructs or impedes, or endeavors to obstruct or impede, the due administration of justice therein, shall be punished," &c.

James S. Botsford and H. B. Johnson, for the United States.

Willard P. Hall and Jeff. C. Chandler, for defendant.

KREKEL, District Judge (charging jury). The statute aims at defining two classes of offences:

First, the endeavor to improperly influence, intimidate, or impede a witness or officer in the discharge of a duty in any court of the United States by corrupt means, such as bribery, or by threats or force. It contemplates a case in which an attempt is made to directly interfere with a witness, and to improperly and illegally influence him. A witness, in the meaning of the statute and under the evidence in this case, will be taken by you to be a person for whom a subpœna had issued on part of the United States to appear before a United States commissioner to testify on a charge for violation of the laws of the United States. A case, under the evidence before you, is pending in a court of the United States, when a complaint is lodged with a United States commissioner charging a violation of the laws of the United States. Before any one can be said to have endeavored to corruptly influence a witness, he must have known that the witness had been designated by the United States district attorney, or the commissioner, as one to be used as a witness. The designation may be by the issuing of a subpœna, or by the endorsement of his name on a complaint, designating the witness by name, as such. If the jury shall be satisfied from the evidence, that defendant Bittinger knew that a subpœna had been issued for Ferdinand Rendelman, or that Rendelman's name was endorsed on a complaint charging the defendant named therein with an offence against the laws of the United States, and if they shall further find that he corruptly influenced the said Rendelman to secrete, or so dispose of himself as to prevent process to be served on him, and if the jury shall further find that Rendelman had knowledge that such was the intention and object of the defendant, they should find the defendant guilty under the first count of the indictment. If the jury shall find that no steps had been taken, either by the United States district attorney or the United States commissioner, to designate said Rendelman as a witness, either by an endorsement of his name on the complaint, or the issuing of a subpœna, or that the defendant had no knowledge that said Rendelman had been so designated as a witness, before the alleged interference, you should find the defendant not guilty under said first count.

The second class of offences which the section of the law cited denounces, is "corruptly, or by threats or force, obstructs or impedes, or endeavors to obstruct or impede, the due administration of justice." No particular class of persons are named in this last clause. The words "influence and intimidate," employed in the first clause, are dropped, and "due administration of justice in court" added, showing an intention to extend the application of the statute. Applying the provisions last quoted to the second, third, fourth and fifth counts of the indictment, it will be necessary for you to find that the defendant, Bittinger, did some act or acts which obstructed or impeded the due administration of justice. We have seen, so far as an interference with a witness who had a duty in the United States court to discharge is concerned, the offence comes within the first subdivision of the act. This being the case, the defendant, in order to be found guilty of obstructing the due administration of justice in any court of the United States, must have done, if not more, at least some act or acts in addition to those specified in the first subdivision of the statute we are considering, in order to find him guilty of having corruptly obstructed the due administration of justice. There seems to be no other act of the defendant interfering with the due administration of justice testified to, than his interference with the witness Rendelman, and unless this interference can be construed into an obstruction of the due administration of justice, there would seem to be no evidence supporting the last four counts of the indictment. It would be, to say the least, a very doubtful construction, to seek to bring the offence from under the first and more definite description, for the purpose of applying the more general

provision to the second class of offences, and you are not to do so unless you are satisfied the testimony in the case will justify it. You will have to determine from the evidence whether a case is made out against the defendant on the first, or the second, third, fourth and fifth counts of the indictment. These last four counts charge the corruptly endeavoring to obstruct and impede the due administration of justice before the United States commissioner and in the district court.

There is but one offence charged to have been committed, and it is your duty to say, if you find the defendant guilty, under what count of the indictment, bearing in mind, that the first count charges the corrupt interference with the witness, and the four last the corrupt obstruction of the administration of justice in the district court.

Verdict, "Guilty on all the counts."